UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04341-SVW-AFM | Date | July 12, 2019 |
|---|---|---|---|
| Title | *Brian Whitaker v. Marylee C. Reeder et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [10]

## I.   Introduction

On May 20, 2010, Plaintiff Brian Whitaker filed the instant suit against Defendants Marylee C. Reeder and Il Fornaio (America) Corporation. Dkt. 1. Plaintiff asserts claims against Defendants for violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). On June 14, 2019, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.  Summary of Factual Allegations

Plaintiff alleges that he is a California resident with physical disabilities that substantially limit his ability to walk. Dkt. 1 ¶ 1. Due to a spinal cord injury, he uses a wheelchair for mobility. *Id.* Defendant Reeder owns the real property located at 301 North Beverly Drive in Beverly Hills, California, and Defendant Il Fornaio (America) Corporation owns Il Fornaio, a restaurant located at that property. *Id.* ¶¶ 2-5.

Plaintiff alleges that he went to Il Fornaio in April 2019. *Id.* ¶ 10. However, "on the date of [Plaintiff's] visit, [Defendants] did not provide accessible dining tables in conformance with the ADA Standards." *Id.* ¶ 13. Indeed, "[c]urrently, [Defendants] do not provide accessible dining tables in conformance with the ADA Standards." *Id.* ¶ 14. Plaintiff allegedly personally encountered this barrier,

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04341-SVW-AFM | Date | July 12, 2019 |
|---|---|---|---|
| Title | *Brian Whitaker v. Marylee C. Reeder et al.* | | |

which "created difficulty and discomfort" for him. *Id.* ¶¶ 15, 17. Plaintiff alleges two other inaccessible facilities at Il Fornaio that he apparently did not personally encounter, including the take-out sales counter and the restroom. *Id.* ¶¶ 19, 21. According to Plaintiff, Defendants "do not provide an accessible take-out sales counter in conformance with the ADA Standards" and Defendants "do not provide an accessible restroom in conformance with the ADA Standards." *Id.* For example, "there is no wrap around the pipe under the restroom sink to protect against burning contact." *Id.* ¶ 21 n.1. Plaintiff alleges that he will return to Il Fornaio once it is accessible. *Id.* ¶ 24.

### III.  Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "[A]s with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Although the Supreme Court has "instructed [courts] to take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits 'are the primary method of obtaining compliance with the Act,'" the requirement must still be satisfied. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039-40 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

To establish standing, an ADA plaintiff must, among other things, "demonstrate that he has suffered an injury-in-fact." *Chapman*, 631 F.3d at 946. To establish this requirement, the plaintiff must have suffered "an invasion of a legally protected interested which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04341-SVW-AFM | Date | July 12, 2019 |
|---|---|---|---|
| Title | *Brian Whitaker v. Marylee C. Reeder et al.* | | |

### IV. Analysis

Despite the generous pleading standards that apply to civil rights plaintiffs, Plaintiff has not sufficiently alleged the essential elements of Article III standing. Plaintiff alleges that he visited Il Fornaio in April 2019, and that on the date of his visit, Defendants did not provide accessible dining tables in conformance with the ADA standards. This, according to Plaintiff, created difficulty and discomfort for him. Those are the only allegations with respect to the one barrier that Plaintiff alleges that he personally encountered. Under *Chapman*, these allegations are insufficient because Plaintiff never alleges what the barrier was (i.e., what was wrong with the table) and how Plaintiff's disability was affected by the barrier (i.e., how Plaintiff personally suffered).

### V. Conclusion

For these reasons, the Court GRANTS Defendants' motion and DISMISSES the Complaint without prejudice. The Court ORDERS Plaintiff to file an amended complaint within fourteen days; otherwise, the Court will dismiss the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

|   | : |
|---|---|
| Initials of Preparer | PMC |