CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Jennifer McAllister, Esq., SBN 283440
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
jenniferm@potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**,<br><br>       Plaintiff,<br><br>  v.<br><br>**Marylee C. Reeder**, in individual and representative capacity as trustee of the Marylee C. Reeder Living Trust;<br>**Il Fornaio (America) Corporation**, a Delaware Corporation; and Does 1-10;<br><br>       Defendants. | **Case:** 2:19-CV-04341-SVW-AFM<br><br>**DISCOVERY MATTER**<br><br>**Plaintiff's Response in Opposition to Defendants' Application for Ex Parte Order Shortening Time on Motion to Compel Plaintiff Brian Whitaker to Appear for Deposition** |

     Defendants Marylee C. Reeder and Il Fornaio Corporation have filed a Motion to Compel Plaintiff Brian Whitaker to appear for deposition, in conjunction with an ex parte application to shorten time on the motion to compel. First, Defendants' motion to compel is superfluous. Plaintiff has agreed to appear for deposition on January 14, a date on which the parties

reached mutually, and which Defendants subsequently noticed. <u>Defendants' Exhibit F.</u> Second, Defendants have filed the motion to compel without meeting and conferring with Plaintiff as required under Local Rules 7-3 and 37-1. Finally, Defendants have filed an ex parte application without providing adequate notice to Plaintiff as required under Local Rule 7-19.

Defense counsel Ara Sahelian cites Local Rule 37-3, which disallows discovery motions to be heard ex parte "absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." <u>Docket 34-4.</u> Mr. Sahelian argues that conducting Plaintiff's deposition on January 14 will subject his clients to irreparable injury, thus exempting them from Rule 37-3's bar on ex parte discovery motions. Even assuming *arguendo* that Mr. Sahelian's interpretation of Rule 37-3 is correct, he has failed to show that he provided proper notice of the ex parte application as required by Local Rule 7-19.1.[1] He states in Paragraph 9 of his declaration that he "attempted to meet and confer with Ms. Gunderson and/or Ms. MacAllister [*sic*] concerning this motion, but was unable to obtain a response in time to prepare a joint statement as required under Local Rule 37-2.2." <u>Docket 34-2.</u> However, his exhibits do not reflect any attempt to contact Ms. Gunderson or Ms. McAllister regarding either this specific motion to compel or this specific ex parte application. Further, he has provided no additional documentation that would reflect such attempts to contact Plaintiff's counsel.

Defendants are seeking to compel a deposition for which Plaintiff has already agreed to appear, which Defendants have already noticed, and to which Plaintiff does not object to the notice. Having committed to a deposition

---

[1] **L.R. 7-19.1 Notice of Application.** It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

date, Defendants now seek the Court's intervention on both a superfluous motion and an insufficiently-noticed ex parte application. Plaintiff therefore requests that the Court deny both Defendants' Motion to Compel and Ex Parte Application.

Respectfully,

Dated: December 20, 2019            CENTER FOR DISABILITY ACCESS

                                         By: /s/ Jennifer A. McAllister
                                             Jennifer A. McAllister
                                             Attorneys for Plaintiff