CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
DENNIS PRICE, ESQ., SBN 279082
JENNIFER A. McALLISTER, ESQ., SBN 283440
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385
Fax: (888) 422-5191
jenniferm@potterhandy.com

Attorney for Plaintiff BRIAN WHITAKER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>MARYLEE C. REEDER, in individual and representative capacity as trustee of the Marylee C. Reeder Living Trust; IL FORNAIO (AMERICA) CORPORATION, a Delaware Corporation; and Does 1-10,<br><br>    Defendants. | Case No.: 2:19-CV-04341-SVW-AFM<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO COMPEL A SECOND DEPOSITION OF PLAINTIFF** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    Plaintiff Brian Whitaker files this response in opposition to the ex parte application of Defendants Marylee C. Reeder and Il Fornaio (America) Corporation to compel a second deposition.

    In early 2019, Mr. Whitaker attempted to patronize the Il Fornaio Restaurant in Beverly Hills, California. A frequent restaurant patron, he is familiar with what is required for him to comfortably dine given his disability and use of his wheelchair. At this restaurant he intended to

-1-

eat at the exterior dining area, However, upon inspection, it was readily apparent no compliant tables were present, which deterred him from using them. At no time has Mr. Whitaker claimed to have used the dining tables that are the subject of this lawsuit.

As part of defense of the suit, Defendant noticed Mr. Whitaker's deposition to take place at the restaurant.[1] That deposition notice made no reference to the idea that the plaintiff would be required to provide anything other than answers to questions. The notice did not request documents, suggest it would be accompanied by a Rule 34 inspection, or anything else out of the ordinary. However, as part of the deposition, Defendants insisted that Mr. Whitaker demonstrate his use of the tables.

**A. Relevance**

Reenactments may be proper where they "assist the parties in a better understanding of what occurred *at the time of the incident*." *Roberts v. Homelite Div. of Textron, Inc.* (ND IN 1986) 109 FRD 664, 668 (emphasis added); *Carson v. Burlington Northern Inc.* (D NE 1971) 52 FRD 492, 493. The rationale is that the examination may proceed as they would at trial. FRCP 30(c)(1).

Defendant relies on the idea of "reenactments" of situations in other matters[2] to justify asking Mr. Whitaker to perform the task of "proving" that the table design presented a barrier to him. Undoubtedly, there are numerous cases where a deponent might even want to show how something occurred. However, this is not on point here, as Mr. Whitaker's complaint does not allege that he ever made any attempt to utilize the non-compliant table. As a result, nothing about this performance could be deemed to "assist the parties in a better understanding of what

---

[1] Plaintiff's counsel objected on the record given the loud conditions and difficulty communicating that occurred.

[2] This is in particular bad faith given the circumstances of this case as well. While Defendant points to several cases of videotaped demonstrations, the deposition in this case was not videotaped, leaving significant question what value this demonstration could even provide. Would Mr. Sahelian read into the record his interpretation of what occurred as fact? Would the court reporter be tasked with deciding what occurred? Even if the demonstration were relevant, how could a finder of fact use the information without it being recorded?

-2-

occurred" as this request is not recreating the situation as Mr. Whitaker claims to have been dissuaded from using the table. The Defendant is seeking to manufacture evidence in support of a baseless view that if Mr. Whitaker is able to "belly up the bar" that he must not have suffered any discrimination. This flies in the face of the facts of this case as alleged, and does significant violence to the protections guaranteed to persons with disabilities under the Americans with Disabilities Act ("ADA").

The ADA is incredibly clear what is required for a plaintiff to have standing to sue a business for a violation of his rights. Further, it specifies what *is not* required: a plaintiff is not required to engage in a futile gesture in order to have an actual injury. *Pickern v. Holiday Quality Foods Inc.* (9th Cir. 2002) 293 F.3d 1133, 1136; 42 U.S.C. § 12188(a)(1). Any element in a facility that does not meet or exceed the requirements set forth in the ADA-SAD is a barrier to access. *Chapman v. Pier 1 Imports (U.S.) Inc.* (9th Cir. 2011) 631 F.3d 939, 945 [identifying this as the formal position of the Department of Justice]. These are "objective" and "precise" standards. *Id.* Mr. Whitaker has adequately alleged violation of those standards and submitted evidence of it. His ADA claim does not rest on whether or not he can wedge himself into an improper space and manage to eat a meal despite its non-compliance. The Unruh claim is instructive here as well, with the standard stopping well short of "absolute barrier to use" but left as experiencing "frustration, difficulty, discomfort, or embarrassment," a significantly lower bar. His case is based on the objective non-compliance and that barrier pertaining to his disability.

Here, Mr. Whitaker alleges, based on his history and experience was able to tell by visual assessment that the table at the Restaurant was not compliant. Mr. Whitaker is a frequent patron of restaurants and often prefers to eat outside. This preference is frequently frustrated by non-compliant surfaces. As a result, Mr. Whitaker has been very active in pursuing claims related to this particular style of barrier. Further, prior to filing the present lawsuit, the Plaintiff's investigator verified that the table in question violated ADA Standards for Accessible ("ADA-SAD"), confirming Mr. Whitaker's assessment that the table did not comply, justifying

his refusal to attempt to use it. As Mr. Whitaker's claim is not based on his actual use of the table, no relevant evidence can be gathered from forcing him to attempt to use it.

### B. Proportionality

As of 2015 the rules of discovery in Federal courts changed. FRCP 26(b)(1). No longer is the threshold for admissibility just relevance, or "likelihood to lead to admissible evidence" but "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." FRCP 26(b)(1) [advisory committee's notes].

The requesting party must demonstrate the request is proportional to the needs of the case. Proportionality balances the importance of the issues at stake, the amount in controversy, the parties relative access to information, the parties resources, and the importance of the discovery to the resolving the issues and whether the burden or expense outweighs the likely benefit. FRCP 26(a)(1). Defendant has made no effort to justify the proportionality of this request.

*1. Importance of the Issues at Stake*

Defendant seems to suggest that this demonstration is case dispositive – that this demonstration is akin to "O.J.'s Glove." But Mr. Whitaker's actual claim doesn't make any assertion about whether he can or cannot fit under the table. The dimensions required to facilitate comfortably eating are governed by the ADA-SAD, not subjective determinations about the proper level of comfort the plaintiff should be afforded. The suggested demonstration bears no importance to the issues in play in this case or ADA litigation generally. The table is either compliant or it is not. It is an objective standard.

*2. Amount in Controversy*

The amount in controversy in ADA litigation is always very small, and this case is no exception. The ADA provides no damages and Unruh Civil Rights Act violations are a maximum of $4,000 per occurrence. The value of replacing a table is modest. This fact cuts against unusual discovery devices.

-4-

### 3. Relative Access to Information

Evidence must be relevant prior to being assessed for proportionality. FRCP 26(b)(1).

Whether Mr. Whitaker is able to physically fit under a table that is otherwise non-compliant is immaterial to the claim. The standards are objective and Mr. Whitaker's disability is not in question. So the only information that can be gleaned is the general and relative size of the table vs. Mr. Whitaker's wheelchair. This information can be obtained with a tape measure. Thus, the Defendant has access to all relevant information that could be obtained via the suggested demonstration. Further, should the Defendant have needed to measure Mr. Whitaker's wheelchair or needed a physical exam, he could have noticed one properly under Rule 34. He did not.

### 4. Parties Resources

No party is alleging unequal resources. This factor is not applicable.

### 5. Importance to Resolving the Issues

As above, whether Mr. Whitaker could physically squeeze himself under the table is immaterial to the elements of the case. He neither claims to have attempted to use the table previously, and both alleges and has evidence that the table in question did not meet the objective design standards. This demonstration has no importance to the resolution of the issues.

### 6. Burden Outweighs the Benefits

Here, the burden is subjecting Mr. Whitaker to the very civil rights denial that gave rise to the lawsuit. The burden on the plaintiff is immense. If every ADA plaintiff is required to demonstrate that he in fact is harmed by encountering objectively non-compliant features, at minimum, it destroys the dignity protections guaranteed by the ADA, and at worst, it will result in physical injury to plaintiffs. By contrast, the only benefit is the Defense's ability to attempt to obfuscate the issues to the finder of fact. This factor is dramatically out of balance.

**C. Second Motion to Dismiss**

Defendant makes significant use of the language in a minute order from the Court regarding resolution of claims during litigation. That order stated:

> "If, as Defendants counsel alleges, the outdoor tables in question in no way actually prevented Plaintiff from dining at the Restaurant, that would constitute a factual issue for disposition at summary judgment."

Defendant over-reads the brief statement from the court. Consistent with established case law, a Plaintiff is "prevented" from dining when confronted with a barrier that deviates from the ADA-SAD defined dimensions, creating a per se injury when encountered. *Chapman v. Pier 1 Imports (U.S.) Inc.* (9th Cir. 2011) 631 F.3d 939, 945. Deterrence is enough. Thus, if Mr. Whitaker shows that the table was non-compliant, it would, as a matter of law, constitute a barrier to his equal enjoyment of the facility. The demonstration is not dictated by this statement, nor would it be relevant to resolving the Court's suggestion given the context of the case.

**D. Unconscionability**

As referenced above, the ADA does not require a disabled patron to attempt to use known noncompliant features, specifically prohibiting a requirement of taking futile gestures. The central premise of the ADA was to provide dignity and independence to persons with disabilities. The enforcement mechanism created by Congress does not entertain requiring ADA plaintiffs to "perform" for entitlement to remedies, and with good reason, the very act of forcing Mr. Whitaker to encounter the violation he is complaining about would itself give rise to another claim! The Defendants' reliance on other litigation where circumstances were recreated is simply not analogous to what is being suggested here. In the suggested "reenactment" of a "meat slicer injury" and a "drill press injury" or reenacting a "lawnmower injury" the various Plaintiffs were not actually re-injured in demonstrating what occurred.

Presumably Defendant wouldn't suggest running a Plaintiff over with a lawnmower again would be proper, just to understand the injury he'd suffer?

While the scope of injury is greater, the level of respect for the injury shouldn't be. As that is precisely what would occur here: an identical re-injury in kind to that that gave rise to the lawsuit. While the Defendant disputes that Mr. Whitaker's restriction on his civil rights amounts to an injury, the U.S Congress[3], the California Legislature[4], and the U.S. Supreme Court's[5] various interpretations of the gravity of restrictions on civil rights makes clear that any violation of civil rights is an actual injury. Under relevant case law, Mr. Whitaker's imminent re-encounter with the very barrier he's complaining about not only warrants protection from this abusive discovery process, but he'd be entitled to a preliminary injunction as a matter of law. *Melendres v. Arpaio* (9th Cir. 2012) 695 F.3d 990; 1002

## CONCLUSION

The Court should deny Defendants' attempts to manufacture evidence under the guise of "reenactments," where there is no claim or evidence that Mr. Whitaker has done any of the things that are being requested to "reenact," and deny the forced deprivation of civil rights that would occur by insisting that a man with a qualified disability be forced to use a feature that he claims, and is supported by evidence, is non-compliant, putting himself not only at risk of discomfort, but potential injury, and all without any relevant benefit as the "evidence, even if everything went as Defendant wishes, does not provide any basis for a defense.

---

[3] "The Congress shall have power to enforce, by appropriate legislation, the provisions of this article." U.S. Const. Amend. XIV. In fulfilling that directive, Congress passed the Americans with Disabilities Act with findings and purpose stating an intent to include persons with disabilities within the equal protection of laws. (42 U.S.C § 12101(a)(4) (Rectifying that persons with disabilities had been previously excluded from a list including the enumerated "race, color, sex, national origin, religion or age")

[4] Any denial, discrimination or distinction is contrary to law. Cal. Civ. Code § 52(a). Any violation of a right under the ADA is a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f).

[5] Any deprivation of a guaranteed right is an irreparable harm. *Melendres v. Arpaio* (9th Cir. 2012) 695 F.3d 990; 1002 (quoting *Elrod v. Burns* (1976) 427 U.S. 347, 373-74.

Plaintiff further asks that this Court deny a second deposition as all necessary questions were asked at the time and Defendants were given full opportunity to question Mr. Whitaker before and after the dispute about the "Table Demonstration" arose. No attorney's fees should be awarded. Finally, Plaintiff requests that the Court deny Defendants' proposed order, which was improperly lodged.

Dated: February 5, 2020                                CENTER FOR DISABILITY ACCESS


                                                       By: /s/ Jennifer A. McAllister
                                                       Jennifer A. McAllister, Esq.
                                                       Attorneys for Plaintiff