UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **2:19-cv-04341-SVW-AFMx**                                              Date:  **February 10, 2020**

Title  **Brian Whitaker v. Marylee C. Reeder, et al.**

Present: The Honorable:   **ALEXANDER F. MacKINNON, U.S. Magistrate Judge**

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order Denying Motion to Compel Deposition of Plaintiff (ECF No. 48-1)**

Defendant seeks an order requiring Plaintiff to participate in a demonstration in a second session of his deposition during which Plaintiff would use a dining table at Defendant's restaurant to show how the structure and dimensions of the table and his wheelchair prevent him from comfortably rolling his wheelchair up to the table. The Court held a telephonic hearing on February 7, 2020.[1]  For the reasons stated on the call and herein, the Court will not require Plaintiff to return for a second deposition during which a demonstration would take place.  However, because Defendant has a legitimate need to discover the basis of Plaintiff's contention that the subject tables were inaccessible to Plaintiff in his wheelchair, Plaintiff shall make his wheelchair available for inspection and measurement by Defendant's counsel and/or expert as set forth below.

1. During his deposition on January 28, 2020, Plaintiff testified that he visited Defendant's restaurant (Il Fornaio) in Beverly Hills in early 2019.

2. At his visit to the restaurant, Plaintiff did not go inside the restaurant and did not attempt to use the outside tables at the restaurant.  Instead, Plaintiff testified that he surveyed the outside dining

---

[1] Defendant also filed an ex parte application to shorten time for the hearing by the Court of the motion to compel. (ECF No. 42.)  The Court granted this procedural request during the telephone hearing in light of the scheduled trial date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:19-cv-04341-SVW-AFMx**               Date:  **February 10, 2020**

Title     **Brian Whitaker v. Marylee C. Reeder, et al.**

   area and concluded that there were no accessible tables for him to use because he believed (given the size and shape of his wheelchair and the tables) he could not roll his wheelchair up to a table to comfortably enjoy a meal.  He concluded this by observation, but not by trying to use one of the tables.

3. Plaintiff testified that legs in the middle of each table protruded out and did not allow ordinary clearance.

4. Plaintiff did not know how wide the bases of the tables were, and he did not know if all the bases were identical.

5. Plaintiff was unable to specify how far away from the table he needed to be to be able to dine comfortably.  He also could not specify how much toe clearance or knee clearance he needed to be comfortable at a dining table.

6. During the first deposition, Plaintiff's counsel refused to allow Plaintiff to demonstrate at a subject table how use of the table would be uncomfortable for him.

7. Plaintiff's counsel has stipulated that at trial (or in connection with a substantive motion), Plaintiff will not attempt to demonstrate through use of an actual table how the subject tables prevent him from comfortably enjoying a meal or how the subject tables are inaccessible to him.

8. The testimony at the January 28, 2020 deposition took place at the Il Fornaio restaurant and was transcribed by a stenographer.  It was not video recorded by a videographer.  Defendant's counsel stated that no videographer was present at the January 28, 2020 deposition.

9. Defendant has cited cases (and other authority exists) that permit reenactments in video recorded depositions.  *See, e.g., Roberts v. Homelite Div. of Textron, Inc.*, 109 F.R.D. 664, 668 (N.D. Ind. 1986); *Carson v. Burlington Northern Inc.*, 52 F.R.D. 492, 493 (D. Neb. 1971); Phillips & Stevenson, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial (2019) at ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:19-cv-04341-SVW-AFMx**                                                Date:  **February 10, 2020**

Title       **Brian Whitaker v. Marylee C. Reeder, et al.**

11:1546 ("Deponents at *videotaped depositions* may be asked to reenact earlier conduct (*e.g.*, conduct at the time of claimed injury and may be ordered to do so if they refuse.") (emphasis in original)).  The cases ordering reenactments typically involve personal injury or product defect allegations.

10. A number of factors lead the Court to deny Defendant's request for an order requiring a demonstration by Plaintiff at a second session of his deposition:

    - First, the request for a demonstration at the first deposition was not proper because there was no videographer present to record a demonstration.  Without video recording capability, there was no way to create a reliable record of the demonstration, and no useful or admissible information would be generated.  Unlike the present case, the authority permitting reenactment arises in the context of video-recorded depositions.  During the telephonic hearing, Defendant's counsel conceded that, in hindsight, he should have had a videographer present for the first deposition.

    - Second, the ordinary rule is that each witness should be subject to only one deposition.  Fed. R. Civ. P. 30(a)(2)(A)(ii).  The Court will not require Plaintiff to return for a second deposition, after Defendant was not prepared to record a demonstration at the first deposition.

    - Third, the case law generally permits "reenactments," but Plaintiff here did not try to use one of the subject tables during his January 2019 visit to the restaurant.  Thus, there was nothing to reenact.

    - Fourth, Plaintiff has stipulated that he will not attempt to present a demonstration or reenactment at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **2:19-cv-04341-SVW-AFMx**                                   Date:  **February 10, 2020**

Title        **Brian Whitaker v. Marylee C. Reeder, et al.**

- Fifth, Plaintiff has raised legitimate proportionality and dignity issues about requiring a "demonstration" at a restaurant on a public street by a disabled plaintiff – as Defendant sought during the first deposition and via its motion.

11. Nevertheless, Defendant has a valid need to determine why the subject tables were allegedly inaccessible to Plaintiff – particularly where Plaintiff can not specify the clearance necessary for him to comfortably use a table.  While a demonstration is a possible way to gather information relating to Plaintiff's wheelchair and the subject tables, useful information may also be obtained by measuring the tables and the wheelchair in question.  Therefore, to allow Defendant to obtain dimensional information, Plaintiff shall make his wheelchair available to Defendant's counsel and/or expert for inspection, including measurements, photographs, and/or video recording.  Plaintiff's counsel may also be present for this inspection.  The inspection shall take place on or before February 14, 2020.  It shall last no more than 1/2 hour and shall occur at a location designated by Plaintiff.

    IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | ib |